IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRY HENRY BROWN,

    Plaintiff,

vs.                                    Case No. 4:10cv45-SPM/WCS

WALTER McNEIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff has also filed a motion requesting leave to proceed *in forma pauperis*.

Plaintiff acknowledges in his civil rights complaint that he previously filed several cases. Plaintiff lists those cases as: case 1:07cv23203, in the Southern District of Florida, a federal case filed in the District of Columbia, and two state court cases. Doc. 1. Plaintiff then states that there "might be other cases filed but lost due to transfers to other institutions." Doc. 1, p. 7. Plaintiff also indicates that he has had two cases

dismissed for reasons such as frivolous and failure to state a claim. *Id.*, at 8-9. Plaintiff does not provide case numbers for those cases.

Plaintiff filed case 1:07cv23203 in December of 2007, and it was dismissed in February of 2008 by the Southern District of Florida. The basis for that dismissal was the fact that Plaintiff had filed multiple cases, the court cited at least 13 known cases, and found Plaintiff was barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As revealed in the order of dismissal from the Southern District of Florida, Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. The dismissed cases include cases numbered 88-1271 (failure to state a claim), 89-464 (failure to state a claim), 92-2798 (lack of jurisdiction), and numerous cases dismissed under 28 U.S.C. § 1915(g). Whether or not cases were dismissed as frivolous prior to the enactment of the PLRA is irrelevant. *See* Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998).

The instant complaint, doc. 1, does not raise any allegations of being in jeopardy of serious physical injury and, thus, do not bring Plaintiff within the "imminent danger" exception. Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis*

should be denied and this action should be dismissed. The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

Moreover, Plaintiff is well aware that he is barred under § 1915(g) and he has failed to honestly disclose all prior cases. That fact that Plaintiff has been transferred to other institutions does not excuse him from maintaining an accurate listing of his cases and making full and complete disclosure.

A federal court has inherent power to control the judicial proceedings and the conduct of the parties involved. In Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), the Supreme Court acknowledged that "'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* United States v. Hudson, 11 U.S. (7 Cranch) 32, 34, 3 L. Ed. 259, 260 (1812); *see also* Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980). These inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962).

The Court went on to state that "a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Universal Oil Products Co. v. Root

Refining Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946). This court does take, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. The task falling upon this court to investigate the prior filings of complaints is unfortunately necessary in light of the number of inmates who file multiple lawsuits and fail to inform the court of on-going or previously dismissed lawsuits. This burdens already limited judicial resources and diverts the court's time and energy "away from processing good faith claims." See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988).

Should Plaintiff re-file a complaint in this Court, Plaintiff *must* accurately and honestly disclose all prior cases. Failure to do so will result in the dismissal of that case and other sanctions are possible.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice,** and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 12, 2010.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**